FRED MILLER BREWING CO. v. FLEMING & ROBERSON.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 2, 1911. Rehearing Denied Jan. 13, 1912.)

LANDLORD AND TENANT (§ 34*) — LEASES — RIGHT TO CANCEL—EVIDENCE.

A lessee's right to cancel the lease, given him by it should he be unable to procure license from the local authorities to sell liquor on the premises, is shown by introduction of a certified copy of an ordinance prohibiting sale of liquor in that district of the city, passed, after the making of the lease, by the commissioners of the city, acting under Acts 1909, c. 31, subc. 7, § 14, part of its special charter, and proof of refusal by the city authorities of the lessee's application for a license, chapter 31, subc. 10, § 4, making such a copy of an ordinance admissible in evidence without further proof, and chapter 31, subc. 7, § 15, expressly prohibiting the issuance of a license by the city in a district where sale of liquor has been prohibited by an ordinance.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 34.*]

Appeal from District Court, Tarrant County; W. T. Simmons, Judge.

Action by Fleming & Roberson against the Fred Miller Brewing Company. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

Bryan & Spoonts, for appellant. Smith, Turner & Bradley, for appellee.

DUNKLIN, J. Fleming & Roberson sued the Fred Miller Brewing Association to recover the contract price which the defendant had agreed to pay for the rent of a house situated in the city of Ft. Worth in the district where the sale of intoxicating liquors had been prohibited by ordinance passed by the commissioners of the city, acting under chapter 31, subc. 7, § 14, p. 269, Acts 1909 (Sp. Laws), granting a special charter to the city, and from a judgment in favor of plaintiffs defendant has appealed.

Defendant leased the premises prior to the passage of the ordinance. After the ordinance was passed, defendant vacated the house, and the claim alleged in plaintiffs' petition and made the basis of the judgment was the agreed rental price of the lease for that portion of the lease term which expired after the house was abandoned. By the terms of the ordinance, the sale of intoxicants in the district which included the house rented by appellant was made a misdemeanor. By section 15, subc. 7, Acts 1909, p. 269,

granting the charter, the issuance of a license by the city in a district where the sale of intoxicating liquors has been prohibited by an ordinance is expressly forbidden. Appellant leased the property for the purpose of operating therein a saloon, and the lease contained the following clause: "It is hereby agreed that the lessee shall have the privilege and right to cancel this lease should they be unable to procure license from the local authorities to sell beer and liquors in Tarrant county, or in the said demised premises." This stipulation in the lease was specially pleaded in defendant's answer, with the further allegation that defendant abandoned the premises because of inability to procure from the city authorities license to further operate a saloon upon the premises covered by the lease. While it was shown that other saloons situated in the same district did continue operations after the passage of the ordinance, yet the testimony of the defendant's witnesses was uncontroverted that an application, duly made after the passage of the ordinance to the city authorities for a license to continue the operation of the saloon in the house in question, was refused. The record fails to disclose any facts which would serve as an explanation for the action of the city authorities in refusing to appellant such a license, and permitting other saloons to run during the same period in the same district. The briefs filed upon this appeal contain some suggestions that the city commissioners were by the district court enjoined from making such publication of the ordinance as was necessary to give it legal effect, but this suggestion finds no support in the record presented to us, and hence, if such an injunction was issued, we are not called upon to decide what bearing it would have upon the issues involved in this suit. Complaint is made that the trial court erred in holding that it was appellant's duty, after being refused a license, to resort to an application for a writ of mandamus to compel the city tax collector to issue such a license, but the transcript upon this appeal does not show that the court so held; hence the question thus presented will not be discussed.

Subchapter 10, § 4, of the charter, referred to above, provides that copies of ordinances of the city certified by the city secretary, with the seal of the city affixed, shall be admitted in evidence without further proof in all courts, state and federal. A copy of the ordinance referred to, duly certified in accordance with the provisions of this section, was introduced in evidence and appears in the statement of facts; and there is nothing in the record tending to show that this ordinance was not in full force and effect at the time appellant abandoned the premises in question.

As indicated above, the record shows that

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes.

appellant established a complete defense to plaintiffs' suit, and hence the judgment is reversed, and the cause remanded.